# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEVE MORRISON, | CASE NO. 09cv408 WQH (POR) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| UNITED PARCEL SERVICE, INC. and DOES 1 through 25, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion to Remand. (Doc. # 8).

## I.    Background

On August 1, 2008, Plaintiff filed this action in San Diego Superior Court, where it was designated as Case No. 37-2008-00088895-CU-OE-CTL ("Plaintiff's Action"). (Doc. # 1, Ex. A). Plaintiff alleges the following causes of action against Defendant, his former employer: failure to pay overtime compensation; failure to provide meal and rest breaks; and unfair competition. On August 7, 2008, Defendant was served with process. On September 5, 2008, Defendant removed Plaintiff's Action to this Court, asserting diversity of citizenship between the parties and attaching a letter from Plaintiff's counsel agreeing that the amount in controversy exceeded $75,000. (Doc. # 1, Ex. C).

On September 23, 2008, pursuant to 28 U.S.C. § 1404(a) and a stipulation between the parties, this Court transferred Plaintiff's Action to the United States District Court for the Central District of California, where a number of related cases were pending before the Honorable Dean D. Pregerson. (Doc. # 1, Ex. D). On October 16, 2008, Judge Pregerson

1  issued an Order, sua sponte remanding Plaintiff's Action to the San Diego Superior Court
2  ("October 16, 2008 Remand Order"). (Doc. # 1, Ex. E). The October 16, 2008 Remand Order
3  notes that Defendant, as the party asserting jurisdiction, has the burden of establishing that the
4  amount in controversy requirement is met. (Doc. # 1, Ex. E at 2). The October 16, 2008
5  Remand Order concludes that: "UPS has provided no evidence that the jurisdictional amount
6  has been met in this particular action." (Doc. # 1, Ex. E at 3).

7  On March 2, 2009, Defendant removed Plaintiff's Action to this Court, for a second
8  time alleging diversity jurisdiction. (Doc. # 1). The March 2, 2009 Notice of Removal states:
9  "Successive petitions for removal may be filed where Defendant discovers new facts ... that
10  establish the amount in controversy exceeds the jurisdictional minimum." (Doc. # 1, at 2
11  (citations omitted)). The second Notice of Removal then states that on February 2, 2009,
12  Defendant received Plaintiff's responses to special interrogatories, wherein Plaintiff listed his
13  damages at $227,693. (Doc. # 1, at 3-4).

14  On March 30, 2009, Plaintiff filed a Motion to Remand, on the grounds that (1) the
15  Court cannot reconsider the October 16, 2008 Remand Order, and (2) the March 2, 2009
16  Notice of Removal was untimely because Defendant was aware at least as of August 8, 2008
17  that the amount in controversy exceeded $75,000. (Doc. # 8).

18  On April 20, 2009, Defendant filed an opposition to the Motion to Remand. Defendant
19  contends that this Court should reconsider the October 16, 2008 Remand Order on the grounds
20  that: (1) a sua sponte remand for a procedural defect was not proper, *see Kelton Arms*
21  *Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003)
22  ("the district court cannot remand sua sponte for defects in removal procedure"); and (2) a
23  remand for a procedural defect forty-one days after removal is not timely, *see Maniar v.*
24  *F.D.I.C.*, 979 F.2d 782, 786 (9th Cir. 1992) ("the district court erred in remanding this case on
25  procedural grounds after the 30-day period expired").

26  **II.  Analysis**

27  Title 28 U.S.C. § 1446(b) provides that "a notice of removal may be filed within thirty
28  days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). In August 2008, Plaintiff's counsel sent Defendant's counsel a letter stating that the amount in controversy exceeded $75,000. (Doc. # 1, Ex. C). The § 1446(b) thirty-day clock began no later than August 2008, upon Defendant's receipt of this letter. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (holding that a letter from one counsel to another stating the plaintiff's estimated damages was sufficient to commence the thirty-day period within which to file a notice of removal). Therefore, pursuant to § 1446(b), the March 2, 2009 Notice of Removal is untimely. Since Plaintiff timely objected to this procedural defect by filing the Motion to Remand within thirty days of March 2, 2009, *see* 28 U.S.C. § 1447(c), this action must be remanded. *See* 28 U.S.C. § 1446(b); *Babasa*, 498 F.3d at 975.

Defendant contends that this Court should reconsider the October 16, 2008 Remand Order on the grounds that it was erroneous. The Court is aware of no authority for the proposition that if a defendant "re-removes" a case for the purpose of seeking reconsideration of an earlier remand order, the procedural requirements of § 1446(b) do not apply to the second notice of removal. However, Defendant cites two Eleventh Circuit cases for the proposition that a "district court has jurisdiction to reconsider its own remand order." (Opp'n to Mot. to Remand, Doc. # 12, at 10).

In *First Union National Bank of Florida v. Hall*, 123 F.3d 1374 (11th Cir. 1997), the district court "issued an order remanding the ... claims," then the defendants "moved the court to reconsider its remand order, and the court ... vacated the remand order," with no mention of a second notice of removal. *Id.* at 1377. Because there was no second removal, this case is inapplicable to the present situation.

The second case involves a district court reconsidering its first remand order after a second removal. *See Hill Dermaceuticals, Inc. v. RX Solutions*, 306 Fed. Appx. 450, 452 (11th Cir., Dec. 17, 2008) ("Prescription Solutions and United Healthcare removed the action to federal court.... In the interim, [plaintiff] filed an amended complaint that named Prescription

1  Solutions, United Healthcare, and United Health Group as defendants.... Five days later, the
2  district court granted [plaintiff]'s motion to remand. ... United Health Group removed the
3  action on the identical grounds stated by Prescription Solutions and United Healthcare in their
4  motion to remove."). The first issue addressed by the Eleventh Circuit was whether the *second*
5  removal was timely filed pursuant to § 1446(b). *See id.* at 453 ("United Health Group timely
6  removed the action to federal court.... [Plaintiff] filed an amended complaint that named
7  United Health Group as a defendant on February 20, 2008, and United Health Group timely
8  removed the action on March 5, 2008.") (citing 28 U.S.C. § 1446(b)). This case supports the
9  position that even when a second removal is made for the purpose of asking a district court to
10 reconsider its earlier remand order, the requirements of § 1446(b) apply.

11  The Court finds that the requirements of § 1446(b) are applicable to the March 2, 2009
12 Notice of Removal. Because the Notice of Removal was filed more than thirty days after
13 Defendant received written notice that the case was removable, this action must be remanded.
14 *See Babasa*, 498 F.3d at 975.

15 **III.    Conclusion**

16  IT IS HEREBY ORDERED that the Motion to Remand is **GRANTED**. (Doc. # 8).
17 This action shall be **REMANDED** to the Superior Court of California, County of San Diego,
18 where it was originally filed and assigned Case No. 37-2008-00088895-CU-OE-CTL.
19 DATED: July 10, 2009

20
             **WILLIAM Q. HAYES**
21           United States District Judge